```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

DELVIN HAYNES                                          CIVIL ACTION

                                                       CONSOLIDATED
V.                                                     NOS: 16-225,
                                                       16-227, 16-229

IRMA MITCHELL ET AL.                                   SECTION "F"


                            ORDER AND REASONS

Before the Court are the defendant, Dale Atkins', two unopposed motions to set aside entries of default. At the time Atkins filed the motions, the Court had entered defaults against her in case number 16-225 and in case number 16-229. Since her filing, the two cases have been consolidated, along with a third, related case.[1] The Court considers both of Atkins' motions here. For the following reasons, both motions are GRANTED.

In January of this year, pro se plaintiff, Delvin Haynes, simultaneously filed three dubious "complaints" against three different defendants. In each half-page complaint, Haynes asserts a slight variation of the following: A property located on Robert Street has been abandoned for over 10 years; Haynes has maintained the property; and, as a result, he asks the Court to grant him possession of the property and titles.

---

[1] The following three cases have been consolidated: 16-225, 16-227, and 16-229.

1

Initially, Haynes named only the Robert Street property owners as defendants, but he later amended all three complaints to add Dale Atkins, the Clerk of Civil District Court for Orleans Parish. In two of the three consolidated cases, the original defendants have been dismissed due to Haynes' failure to execute service of process. Yet, in all three cases, service of process was returned executed as to Dale Atkins. Atkins, however, disputes the validity of this service.

Atkins explains that on May 10, 2016, the United States Marshals Service apparently dropped off a copy of the two pleadings at the front counter of the Civil District Court. She claims she was never personally served, nor was anyone with managerial responsibilities in her office served. Aside from the botched service, Atkins claims there is good cause to set aside the entries of default under Federal Rule of Civil Procedure 55(c).

In considering a motion to set aside an entry of default for good cause, the Court considers: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." CJC Holdings, Inc. v. Wright & Lato, Inc. 979 F.2d 60, 64 (5th Cir. 1992). Considering these factors here, along with the questionable service of process, the Court finds that it is in the interests of justice to set aside the entries of default against Dale Atkins.

IT IS ORDERED that Dale Atkins' unopposed motions are GRANTED.

IT IS FURTHER ORDERED that the entry of default against Dale Atkins in case number 16-225 be set aside.

IT IS FURTHER ORDERED that the entry of default against Dale Atkins in case number 16-229 be set aside.

New Orleans, Louisiana, July 13, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE