UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DELVIN HAYNES                                              CIVIL ACTION

                                                           CONSOLIDATED
V.                                                         NOS: 16-225,
                                                           16-227, 16-229

IRMA MITCHELL ET AL.                                       SECTION "F"


ORDER AND REASONS

Before the Court are two motions: 1) defendant Dale Atkins' motion to dismiss in cases 16-225 and 16-229; and 2) Dale Atkins' motion to dismiss in case 16-227. For the following reasons, the motions are GRANTED.

In each of these three consolidated cases, *pro se* plaintiff Delvin Haynes filed a one-page complaint asserting possession and ownership of allegedly abandoned New Orleans real estate that he claims to have maintained for the past ten years. In his original complaints, Haynes named only the apparent property owners as defendants.[1] But he amended all three complaints to add Dale Atkins as a defendant. Dale Atkins is the Clerk of Court for the Civil District Court in Orleans Parish.

---

[1] In case 16-225, Irma Mitchell was the original defendant. She has since been dismissed due to Atkins' failure to effect service. In case 16-227, Atkins named Lennie D. Locklear as the original defendant. Atkins has yet to serve Locklear, and his deadline to do so before dismissal is August 12, 2016. In case 16-229, Atkins named Samuel and Matthew Bowles as the original defendants. Samuel Bowles was dismissed for lack of service. Matthew Bowles remains in the case but has made no appearance.

1

Atkins now moves to dismiss the claims against her in all three cases. She asserts three grounds for dismissal: 1) improper service; 2) that the claims are frivolous; and 3) failure to comply with the federal pleading standards. In response, the plaintiff has filed two incoherent memoranda. Ostensibly, he contests Atkins' claim that she was not properly served. He adds an unrelatable rant about "public corruption" and "property stealing" involving "a long list" of New Orleans "attorneys, realtors, and city hall officials." Later, he filed an "Amendment to Motion to Dismiss Defendant(s)."[2] There, he claims, "I file to dismiss the a [sic] Defendant(s) in case 16:0225 . . . Dale Atkins." Although Haynes offers no response to Atkins' motions, he requests that the Court dismiss the motions.[3]

Without engaging the factual inquiry as to whether Atkins was properly served, the Court finds ample grounds to dismiss Haynes' claims as frivolous and non-compliant with federal pleading standards.

Haynes is proceeding in this litigation *in forma pauperis* due to his inability to afford the cost of litigation. *In forma pauperis* proceedings are governed by 28 U.S.C. § 1915. That section

---

[2] The Court assumes that he meant to amend his first memorandum.

[3] Haynes also asks the Court to dismiss Atkins' motions to set aside entries of default; however, the Court granted those motions in its Order and Reasons dated July 13, 2016.

2

requires the Court to dismiss a proceeding at any time if the Court determines that the action is frivolous. The Fifth Circuit instructs, "District courts are vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986)(internal quotations omitted).

The Fifth Circuit endorses three standards that district courts may use to dismiss frivolous claims. "The first requires a determination of whether the IFP complaint has a realistic chance of ultimate success" Id. at 1120 (internal quotations omitted). "The second requires the complaint have arguable merit . . . in terms of the arguable substance of the claim presented, both in law and in fact." Id. (internal quotations omitted). "The third prohibits dismissal unless the court is satisfied beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations omitted). Any one of these grounds is sufficient for dismissal. See id. Here, all three apply.

Haynes' action appears to be one for acquisitive prescription under Louisiana law. Acquisitive prescription is a mode of acquiring ownership of property through possession for a specified period of time. See La. Civ. Code art. 3446. Of course, a possessor can only acquire ownership from the actual owner of the property. Accordingly, any action brought by a possessor to declare ownership

3

by acquisitive prescription is properly asserted against the owner of the possessed property.

Dale Atkins does not own any of the properties to which Delvin Haynes claims title. Haynes has not attempted to explain how Atkins is in any way involved or implicated by his complaints. Nor can the Court conceive of any possible way that the Clerk of Court for Orleans Parish District Court could transfer title of private property she does not own to Delvin Haynes. Indeed, the Court finds Haynes' claims against Atkins without merit and without any realistic chance of success. They epitomize frivolity.

Moreover, Haynes so-called complaints fall well-short of satisfying the requisite pleading standard of Rule 8 of the Federal Rules of Civil Procedure. Even under a liberal construction afforded to *pro se* pleadings, Haynes' amended complaints fail to meet even the most basic requirements. All three of Haynes' amended complaints state in their entirety:

> I, Delvin Haynes, file a motion to add 1) Dale Atkins, as a Defendant in Case 16-0225.[4]
>
> The Property located at 2615 Robert St, New Orleans, LA 70115, has been abandoned for over 10 years. I have been maintaining the property and making improvements. I have claimed this property and kept the property up to code to avoid any fines and violations against the property. I have been using the property for the past 10 years.

---

[4] The only difference between the three complaints is the case number and property address.

Rule 8 requires a complaint to contain a short plain statement of the grounds for the Court's jurisdiction, a short plain statement of the claim showing that the pleader is entitled to relief, and a demand for relief sought. Haynes' amended complaints contain none of these. Atkins justifiably asserts that she "is utterly at a loss to file responsive pleadings or even to prepare a defense – the essential purposes underlying Rule 8." The Court shares Atkins' sentiments. Accordingly, her motions are GRANTED.

IT IS ORDERED that Delvin Haynes' claims against Dale Atkins in cases 16-225, 16-227, and 16-229 are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, August 3, 2016

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE